1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JASON A. MORRIS,

11            Plaintiff,                    No. CIV S-10-1576 DAD P

12        vs.

13   CDC et al.,

14            Defendants.                   ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

25   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

26   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

1

1    the preceding month's income credited to plaintiff's prison trust account.  These payments shall

2    be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

3    amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

4    § 1915(b)(2).

5                            **SCREENING REQUIREMENT**

6            The court is required to screen complaints brought by prisoners seeking relief

7    against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11   U.S.C. § 1915A(b)(1) & (2).

12           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18   Cir. 1989); Franklin, 745 F.2d at 1227.

19           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

23   (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

24   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

25   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

26   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

1  allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

2  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

3  doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

4          The Civil Rights Act under which this action was filed provides as follows:

5          Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
6          deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
7          law, suit in equity, or other proper proceeding for redress.

8  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

10  <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

11  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

13  omits to perform an act which he is legally required to do that causes the deprivation of which

14  complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

15          Moreover, supervisory personnel are generally not liable under § 1983 for the

16  actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named

17  defendant holds a supervisorial position, the causal link between him and the claimed

18  constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

19  (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

20  allegations concerning the involvement of official personnel in civil rights violations are not

21  sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

22                          **PLAINTIFF'S COMPLAINT**

23          In the present case, plaintiff has identified the California Department of

24  Corrections and Rehabilitation ("CDCR"), Kathleen Dickinson, and Vimal Singh as the

25  defendants.  In his complaint, plaintiff alleges as follows.  On September 1, 2009, he was

26  assaulted but eventually allowed to return to his housing unit after receiving medical clearance.

                                    3

1    Upon his return, he noticed that his orthopedic shoes were missing.  He asked Officer Peebeles

2    who was in charge of packing his property, and Officer Peebles told him that inmates had packed

3    it.  Plaintiff alleges that he administratively appealed the mishandling of his property, but prison

4    officials failed to properly process his grievance and ultimately denied it.  In terms of relief,

5    plaintiff requests monetary damages and replacement shoes.  (Compl. at 3 & Attachs.)

6                                              **DISCUSSION**

7              The allegations in plaintiff's complaint are so vague and conclusory that the court

8    is unable to determine whether the current action is frivolous or fails to state a claim for relief.

9    The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

10   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

11   the defendants and must allege facts that support the elements of the claim plainly and succinctly.

12   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

13   with at least some degree of particularity overt acts which defendants engaged in that support his

14   claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

15   8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

16   amended complaint.

17             If plaintiff chooses to file an amended complaint, he must allege facts

18   demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal

19   constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

20   amended complaint must allege in specific terms how each named defendant was involved in the

21   deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

22   some affirmative link or connection between a defendant's actions and the claimed deprivation.

23   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

24   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

25   official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

26   F.2d 266, 268 (9th Cir. 1982).

4

1    In addition, if plaintiff elects to proceed in this action by filing an amended

2    complaint, he must clarify who the defendants are and why he has chosen to name them as

3    defendants.  As an initial matter, the Eleventh Amendment serves as a jurisdictional bar to suits

4    brought by private parties against a state or state agency unless the state or the agency consents to

5    such suit.  See Quern v. Jordan, 440 U.S. 332, 340 (1979); Alabama v. Pugh, 438 U.S. 781, 782

6    (1978); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the

7    CDCR has not consented to suit.  Accordingly, if plaintiff presents claims against the CDCR in

8    his amended complaint, the court will likely recommend that they be dismissed as frivolously

9    named.  Moreover, although plaintiff has also named Kathleen Dickinson and Vimal Singh as

10   defendants in this action, he has not has not alleged that these defendants engaged in any specific

11   wrongdoing.

12   Insofar as plaintiff wishes to proceed on a due process claim in connection with

13   the loss of his shoes, he is advised that the United States Supreme Court has held that "an

14   unauthorized intentional deprivation of property by a state employee does not constitute a

15   violation of the procedural requirements of the Due Process Clause of the Fourteenth

16   Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v.

17   Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation

18   remedy, only authorized, intentional deprivations constitute actionable violations of the Due

19   Process Clause.  An authorized deprivation is one carried out pursuant to established state

20   procedures, regulations or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).  In

21   his complaint, plaintiff has not alleged any facts suggesting that the taking of his property was

22   authorized.  The California Legislature has provided a remedy for tort claims against public

23   officials in California Government Code, §§ 900, et seq.  If plaintiff has not attempted to seek

24   redress in the state system, he will not be able to sue in federal court on the claim that the state

25   deprived him of property without due process of the law.

26   /////

Insofar as plaintiff wishes to proceed against any of the defendants for the way in which they processed his inmate appeals, he is advised that prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner.  It is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). See also, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's application to proceed in forma pauperis (Doc. No. 10) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the

1    California Department of Corrections and Rehabilitation filed concurrently herewith.

2         3.  Plaintiff's complaint is dismissed.

3         4.  Plaintiff is granted thirty days from the date of service of this order to file an

4    amended complaint that complies with the requirements of the Civil Rights Act, the Federal

5    Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

6    docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

7    amended complaint in accordance with this order will result in a recommendation that this action

8    be dismissed without prejudice.

9         5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

10   civil rights action.

11   DATED: October 11, 2011.

12

13   _____

14   DAD:9                            DALE A. DROZD
     morr1576.14a                     UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26