IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON A. MORRIS,

      Plaintiff,                No. 2:10-cv-1576 DAD P

    vs.

CDC et al.,

      Defendants.        ORDER

                            /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint. Plaintiff previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See Doc. No. 8.)

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

1  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
2  omits to perform an act which he is legally required to do that causes the deprivation of which
3  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4  Moreover, supervisory personnel are generally not liable under § 1983 for the
5  actions of their employees under a theory of respondeat superior and, therefore, when a named
6  defendant holds a supervisorial position, the causal link between him and the claimed
7  constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
8  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory
9  allegations concerning the involvement of official personnel in civil rights violations are not
10 sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S AMENDED COMPLAINT**

12 In his amended complaint, plaintiff identifies Warden Dickinson, Chief Deputy
13 Warden Singh, Officer Peebles, and the Director of the California Department of Corrections and
14 Rehabilitation as the defendants. Plaintiff alleges that on September 1, 2009, a fellow inmate
15 assaulted him. According to plaintiff, as correctional staff escorted him to the medical
16 department, defendant Peebles allowed other inmates to pack plaintiff's personal property.
17 Plaintiff alleges that he had a pair of personal soft shoes that he needed for medical reasons that
18 he never received back upon his release from medical treatment and transfer to administrative
19 segregation. In plaintiff's view, the Department of Corrections is responsible for losing his
20 personal property. Plaintiff also insists that because each defendant reviewed and denied his
21 inmate grievance concerning his lost shoes, they are also involved in the civil rights violations he
22 complains of in this action. (Am. Compl. at 8 & Attachs.)

**DISCUSSION**

24 The court will dismiss plaintiff's amended complaint for failure to state a claim.
25 See 28 U.S.C. 1915(e)(2)(B)(ii) ("the court shall dismiss the case at any time if the court
26 determines that . . . the action or appeal . . . fails to state a claim on which relief may be

granted"); Neitzke, 490 U.S. at 327-28 (in forma pauperis statute accords judges the authority to dismiss those claims whose factual contentions are clearly baseless, such as those "describing fantastic or delusional scenarios"); see also Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile.").

First, plaintiff's amended complaint fails to state a due process claim against any defendant for the alleged loss of his property. As the court previously advised plaintiff, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). See also Parratt v. Taylor, 451 U.S. 527, 543 (1981) (a prisoner alleging the deprivation of property as a result of an agents' failure to follow established state procedures failed to state a cognizable due process claim); overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986) (a prisoner alleging lack of due care by state officials failed to state a due process claim because negligence does not "deprive" an individual of life, liberty, or property for purposes of the Fourteenth Amendment). Thus, where a state such as California provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985). In his complaint, plaintiff has not alleged any facts suggesting that the taking of his property was authorized. In fact, in his amended complaint plaintiff maintains that the taking was unauthorized and in violation of department regulations. (Am. Compl. Attachs.)

In addition, plaintiff fails to state a claim against any defendant for the way in which they responded to his inmate appeals concerning his loss of property. As the court previously advised plaintiff "inmates lack a separate constitutional entitlement to a specific

prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  As such, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner.  See Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim on which relief may be granted;

2. All pending motions, including plaintiff's motion for an extension of time to comply with the court's order granting his motion to proceed in forma pauperis (Doc. No. 15) are denied as moot; and

3. This action is closed.

DATED: July 17, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
morr1576.56

5